UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRIDGETT HEINOLD, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:21-cv-00501-SRC |
| | ) | |
| SAFECO INSURANCE COMPANY | ) | |
| OF ILLINOIS, | ) | |
| | ) | |
| Defendant(s) | ) | |

**<u>Memorandum and Order</u>**

Defendant Safeco Insurance Company of Illinois removed this action to federal court on

the basis of diversity jurisdiction even though Plaintiff Bridgett Heinold explicitly stated that she

does not seek damages in excess of $75,000.  Although Heinold's motion to remand has not been

fully-briefed, the Court concludes that it lacks subject-matter jurisdiction without requiring any

additional briefing and remands this matter back to the Circuit Court of St. Louis City.  *See* 28

U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks

subject matter jurisdiction, the case shall be remanded."); *see also Landis v. N. Am. Co.*, 299

U.S. 248, 254 (1936) (explaining that courts have inherent power to "to control the disposition of

the causes on its docket with economy of time and effort for itself, for counsel, and for

litigants"); *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) (describing the

"primary goal of the judiciary" as "to serve the just, speedy, and inexpensive determination of

every action" (quoting Fed. R. Civ. P. 1)).

I.      **BACKGROUND**

Heinold filed suit against Safeco in the Circuit Court of St. Louis City.  Docs. 1-1; 4.  In

her petition, Heinold pleaded state law claims of breach of contract and vexatious refusal to pay

and seeks damages "in excess of Twenty-Five Thousand Dollars ($25,000.00) but less than Seventy-Five Thousand Dollars ($75,000.00)[.]"  Doc. 4 at pp. 4-5.

Safeco removed this action to federal court pursuant to 28 U.S.C. § 1441(a), arguing that this Court has "original jurisdiction under . . . 28 U.S.C. § 1332" because the suit is between citizens of different states and the amount in controversy exceeds $75,000.  Doc. 1 at ¶ 2. Heinold filed a motion to remand, doc. 9, arguing that this Court lacks diversity jurisdiction. Doc. 10.

## II.     STANDARD

A defendant may remove to federal court any state court civil action over which the federal court could exercise original jurisdiction.  28 U.S.C. § 1441(a).  "The [removing] defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence."  *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).  The federal court must remand the case to state court if it appears the federal court lacks subject matter jurisdiction.  *Id.*; 28 U.S.C. § 1447(c).  "All doubts about federal jurisdiction should be resolved in favor of remand to state court."  *In re Prempro Prods. Liab. Litig.*, 591 F.3d at 620.

## III.    DISCUSSION

Heinold argues that Safeco has failed to establish diversity jurisdiction because she seeks damages "less than Seventy-Five Thousand Dollars ($75,000)," Doc. 4 at pp. 4-5, and thus Safeco cannot establish that the amount in controversy requirement under 28 U.S.C. § 1332 has been met.  Doc. 10 at p. 2.  The Court agrees.

Heinold declared in her petition that she seeks damages "less than Seventy-Five Thousand Dollars ($75,000)," doc. 4 at pp. at 4-5, and reaffirmed the same in her motion to remand and her memorandum in support.  Docs. 9 at ¶ 5; 10 at p. 2.  "The Court finds that

2

[Heinold's] statements constitute binding judicial admissions that, under Missouri state practice, make it a legal impossibility for [her] to recover more than $75,000 in state court." *Cane Creek Quarry, LLC v. Equip. Transp., Inc.*, No. 1:20-CV-00268-SRC, 2021 WL 765287, at *5 (E.D. Mo. Feb. 26, 2021) (citing 28 U.S.C. § 1446(c)(2)(A)(ii)).  Therefore, Heinold's "damages do not meet the amount in controversy requirement for diversity jurisdiction [and] the Court does not have subject matter jurisdiction in this case." *Id*. (citing 28 U.S.C. § 1332(a)(1)). Accordingly, the Court remands this matter back to state court.  However, "in the future, counsel would be well advised to follow the better practice of filing a binding stipulation with the initial pleading." *Id*.; *see also Bell v. Hershey Co.*, 557 F.3d 953, 958 (8th Cir. 2009).

Heinold also seeks an award of attorneys' fees incurred as a result of removal.  Doc. 10. at pp. 3-4.  28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The Court has discretion to award attorneys' fees under § 1447(c) but declines to do so here.  The state court can consider the attorneys' procedural conduct in this case and determine whether to award fees as appropriate.  The Court denies Heinold's request for attorneys' fees.

Accordingly, the Court grants, in part, and denies, in part, Heinold's [9] motion to remand.  The Court remands this action back to the Circuit Court of St. Louis City.  Pursuant to 28 U.S.C. 1447(c), the Clerk of the Court shall mail a certified copy of this order of remand to the clerk of the State court.

So Ordered this 28th day of May 2021.

3

_SLR.CR_

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**